# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Abel Marquez,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of<br>Social Security Administration<br><br>　　　　Defendant. | No. CV-11-339-TUC-JGZ-DTF<br><br>**REPORT AND RECOMMENDATION** |

　　　　Plaintiff Jose Abel Marquez brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner). This case presents two issues on appeal: whether the Administrative Law Judge (ALJ) failed to provide sufficient justification for the conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles; and whether the hearing transcript has a material defect. Before the Court are Marquez's Opening Brief, Respondent's Response and a Reply. (Docs. 16-18.) Based on the pleadings and the administrative record submitted to the Court, the Magistrate Judge recommends the District Court, after its independent review, remand this case for further proceedings.

## PROCEDURAL HISTORY

　　　　Marquez filed an application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on March 28, 2008. (Administrative Record (AR) 120, 128.) Marquez alleged disability from September 14, 2006. (AR 120.) Marquez later amended his application to reflect a closed period of disability ending on August 1, 2009, when he

returned to work. (AR 37, 109.) Marquez's application was denied upon initial review (AR 63-70) and on reconsideration (AR 72-77). A hearing was held on November 4, 2009 (AR 34-56), after which ALJ M. Kathleen Gavin found, at Step Five, that Marquez was not disabled (AR 17-26). The Appeals Council denied Marquez's request to review the ALJ's decision. (AR 1.)

## **FACTUAL HISTORY**

Marquez was born on July 25, 1965, making him 41 at the alleged onset date of his disability. (AR 120.) Marquez left school after the eighth grade. (AR 39.) He worked his entire career in roofing, beginning as a laborer and moving into sales. (AR 40, 46.)

The ALJ found that Marquez had the following severe impairments, cervical spine degenerative disc disease, and status post- left shoulder fracture with residual brachial plexopy and axillary neuropathy. (AR 20.) The ALJ concluded that Marquez could perform light work "not involving any overhead work with his left upper extremity, climbing of ropes, ladders or scaffolds, or more than occasional postural movements." (AR 22.) The ALJ found Marquez unable to perform his past relevant work as a roofer because it required doing heavy work. (AR 24.) Because Marquez could not perform all the requirements of light work, the ALJ took testimony from a vocational expert (VE). (AR 25.) The VE stated that Marquez could work as a cashier, parking attendant and courier. (*Id.*) The ALJ found her testimony consistent with the Dictionary of Occupational Titles (DOT), and based on her input he concluded that Marquez was not disabled because he could perform other work available in the economy. (*Id.*)

## **STANDARD OF REVIEW**

The Commissioner employs a five-step sequential process to evaluate SSI and DIB claims. 20 C.F.R. §§ 404.920, 416.1520; *see also Heckler v. Campbell,* 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing he (1) is not working; (2) has a severe physical or mental impairment; (3) the impairment meets or equals the requirements of a listed impairment; and (4) claimant's residual functional capacity

1  (RFC) precludes him from performing his past work. 20 C.F.R. §§ 404.920(a)(4),
2  416.1520(a)(4). At Step Five, the burden shifts to the Commissioner to show that the
3  claimant has the RFC to perform other work that exists in substantial numbers in the national
4  economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner
5  conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step
6  process, he does not proceed to the next step. 20 C.F.R. §§ 404.920(a)(4), 416.1520(a)(4).

   In this case, Marquez was denied at Step Five of the evaluation process. The Step Five
8  determination is made on the basis of four factors: the claimant's RFC, age, education and
9  work experience. *Hoopai*, 499 F.3d at 1074. "The Commissioner can meet this burden
10 through the testimony of a vocational expert or by reference to the Medical Vocational
11 Guidelines." *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002).

12 "The ALJ is responsible for determining credibility, resolving conflicts in medical
13 testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.
14 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the
15 Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C.
16 § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance."
17 *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d
18 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only
19 "when the ALJ's findings are based on legal error or are not supported by substantial
20 evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir.
21 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the
22 evidence, and if the evidence can support either outcome, the court may not substitute its
23 judgment for that of the ALJ." *Matney,* 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402
24 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1198 (9th Cir.
25 2004).

## **DISCUSSION**

27 Marquez contends the ALJ erred at Step Five by failing to provide a sufficient
28 justification for the conflict between the VE's testimony and the DOT. He also argues that

- 3 -

1 the transcript from the hearing has a material defect.

2 **Step Five Decision**

3 Marquez argues that the VE's testimony was in conflict with the DOT and the ALJ
4 failed to provide sufficient justification for relying on the VE's conflicting testimony. When
5 asked, the VE indicated there was no conflict between the DOT and her testimony regarding
6 the jobs she concluded Marquez could perform, cashier, parking attendant and courier. (AR
7 54-55.) Relying on the VE's testimony, the ALJ found there was no conflict and there were
8 jobs Marquez could perform. (AR 25.)

9 SSR 00-4p requires that when there is a conflict between the DOT and the testimony
10 of a vocational expert, an ALJ must resolve the conflict. Regardless of how a conflict is
11 identified, before relying on the VE's testimony, the ALJ must resolve it and explain the
12 resolution in her decision. *Id*. The Court first must determine if there is a conflict between
13 the DOT and the VE's testimony because the ALJ has not acknowledged any conflict.

14 Marquez argues that the ALJ erred in finding no conflict because the VE was
15 purportedly identifying jobs not requiring any overhead reaching with a person's left arm,
16 however, the jobs she identified all require frequent reaching. Defendant does not dispute
17 that Marquez cannot perform any overhead reaching with his left arm and that the jobs
18 identified by the VE require frequent reaching under the DOT classification. However, he
19 contends there is no conflict because the DOT does not indicate that the jobs require a person
20 to reach overhead with both arms.

21 Reaching is extending arms and hands in any direction. Selected Characteristics of
22 Occupations Defined in the Revised Dictionary of Occupational Titles, App. C; SSR 85-15.
23 Thus, frequent reaching includes reaching overhead with both arms. The DOT does not
24 distinguish between types of reaching or reaching with the left or right hand. In light of the
25 broad definition of reaching, the VE's testimony regarding Marquez's ability to perform the
26 three identified jobs is not consistent with the DOT's description of these jobs as requiring
27 frequent reaching. *See Jordan v. Astrue*, No. 09-CV-1559-MMA, 2010 WL 2816234 (S.D.
28 Cal. May 4, 2010) (finding conflict between VE testimony, that claimant limited to

1 occasional overhead reaching with right shoulder could perform particular jobs, and DOT
2 descriptions that jobs required frequent reaching); *Silvera v. Astrue*, No. CV-09-1935-JC,
3 2010 WL 3001619 (C.D. Cal. July 29, 2010) (finding that frequent reaching requirement in
4 the DOT description potentially conflicts with claimant's restriction to perform only
5 occasional overhead reaching because DOT does not distinguish overhead from other
6 reaching); *Meyer v. Astrue*, No. 1:09-cv-01448-JLT, 2010 WL 3943519 (E.D. Cal. Oct. 1,
7 2010) (concluding that restriction to occasional overhead reaching with one arm may be
8 inconsistent with DOT requirement for frequent reaching and ALJ, not the court, had to
9 resolve the possible conflict).

10 Defendant relies on a case in which the court concluded that a VE's testimony, that
11 a person with one arm could perform the jobs identified, provided substantial evidence to
12 support the ALJ's decision that the claimant could perform certain jobs even though the DOT
13 identified fingering and handling as requirements of those jobs. *Carey v. Apfel*, 230 F.3d 131,
14 146-47 (5th Cir. 2000). *Carey* is distinguishable because, in addition to providing the
15 claimant's limitations in a hypothetical, the ALJ explicitly asked the VE if a person with one
16 arm could perform the identified jobs. *Id.* at 140. Here, neither the VE nor the ALJ clarified
17 the potential conflict between Marquez's reaching limitation and the job requirements.
18 Further, the case pre-dates SSR 00-4p and it is an out-of-circuit case that is not controlling.

19 Defendant also relies on a Tenth Circuit case, *Segovia v. Astrue*, 226 F. App'x 801,
20 804 (10th Cir. 2007). This case is not precedential, relies on *Carey* and fails to discuss the
21 requirements of SSR 00-4p. More importantly, as discussed above, the Court disagrees with
22 that circuit's determination that there is no conflict between a limitation on overhead
23 reaching and a requirement to do frequent reaching. The Tenth Circuit noted that the DOT
24 description of the jobs at issue in that case did not indicate that they involved predominantly
25 overhead reaching rather than other types of reaching. *Id.* That precisely highlights the
26 problem – the DOT is broad and a VE must explain the potential conflicts between her
27 testimony and the broad descriptives. It is not for a court to guess that there is no conflict,
28 rather, the ALJ is required to gather the necessary evidence from a VE and explain how the

- 5 -

inconsistency is resolved. *See Meyer*, 2010 WL 3943519 at *8. As the Ninth Circuit held before SSR 00-4p was issued, an ALJ may only rely on expert testimony that contradicts the DOT if there is persuasive record evidence to support such deviation. *Johnson v. Shalala*, 60 F.3d 1428, 1436 (9th Cir. 1995). Here, the record provides no evidentiary support for the ALJ's reliance on the VE's testimony to the extent it was inconsistent with the DOT.

The ALJ failed to explain the inconsistency between the VE's testimony and the DOT and there is not substantial evidence supporting the ALJ's decision. Therefore, the matter must be remanded for further proceedings.

**Transcript**

During the hearing, when the ALJ posed a hypothetical to the VE a portion of his question was not transcribed:

> So assuming a person who can perform work at the light exertional level, no overhead work with the left arm, and then no climbing ropes, ladders or scaffolding, others occasional [inaudible], I assume that he wouldn't be able to perform his past relevant work at all?

(RT 54.) The ALJ went on to use that same set of limitations for additional questions. (*Id.*) Neither the VE nor Plaintiff's counsel asked for any clarification and apparently understand the entirety of the question. (AR 54.)

It is the Commissioner's obligation to file with the Court a certified copy of the record. 42 U.S.C. § 405(g). As acknowledged by both parties, the missing transcription likely amounts to only a few words. However, the transcript gap occurred during the ALJ's recitation of Plaintiff's limitations, which is the central issue in this appeal. Because this case is subject to remand on other grounds, including additional VE testimony, the Court finds it most expedient to direct the ALJ to re-do the entirety of the testimony from a VE.

## **REMEDY**

The Court has discretion to remand for further development of the record or for an award of benefits. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000). Remand for further development is necessary in this case because the ALJ needs to obtain additional testimony from a VE to resolve the conflict between the VE's initial

- 6 -

limited testimony and the DOT. Further, Plaintiff requested only a remand for additional administrative process not an award of benefits.

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends the District Court, after its independent review, enter an order remanding the case to the ALJ for further consideration.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-11-339-TUC-JGZ**.

DATED this 2nd day of May, 2012.

D. Thomas Ferraro
United States Magistrate Judge