WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Abel Marquez, | No. CV 11-339-TUC-JGZ |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security | |
| Defendant. | |

On May 2, 2012, Magistrate Judge Thomas D. Ferraro issued a Report and Recommendation (Doc. 19) in which he recommended that Plaintiff's Social Security appeal be remanded to the Social Security Administration for further proceedings. On May 15, 2012, Defendant filed Objections to the Report and Recommendation; Plaintiff timely responded. (Docs. 20, 21.) The Court adopts the Report and Recommendation of the Magistrate Judge.[1]

**Magistrate Judge's Recitation of the Record on Appeal**

The Court adopts the recitation of the record on appeal as stated by the Magistrate Judge.

**Magistrate's Recommendations**

Plaintiff's appeal presents two issues: whether the Administrative Law Judge (ALJ) failed to provide sufficient justification for the conflict between the testimony of the vocational

---

[1] The Court reviews *de novo* the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

1 expert ("VE") and the Dictionary of Occupational Titles ("DOT"); and whether the hearing
2 transcript has a material defect. The Magistrate concluded that the ALJ's decision was not
3 supported by substantial evidence because the ALJ failed to explain the inconsistency
4 between the VE's testimony and the DOT and therefore remand was appropriate. The
5 Magistrate did not make a finding regarding whether an admittedly inaudible portion of the
6 transcript constituted a material defect, and instead recommended that the ALJ re-take the
7 VE's entire testimony if the case is remanded for further proceedings.

**Defendant's Objections**

9   Defendant contends that the Magistrate's conclusion that remand was necessary was
10 erroneous because the ALJ discharged her duty to determine the reliability of the VE's
11 testimony. In addition, Defendant reasserts the arguments made in his Opposition to
12 Plaintiff's Opening Brief with respect to the incomplete record.

13 **A.  Conflict between VE and DOT**

14   When a VE provides evidence about the requirements of a job or occupation, the ALJ
15 has an affirmative responsibility to ask about any potential conflict between the VE's
16 testimony and information provided in the DOT. *See* Social Security Ruling 00-4p ("SSR
17 00-4p").[2] If the vocational expert's testimony appears to contravene the DOT, the ALJ must
18 obtain a reasonable explanation for that conflict. SSR 00-4p. The ALJ must then address
19 any conflict between the VE and the DOT in his/her written decision.

20   In the present case, the ALJ concluded that Plaintiff could perform light work not
21 involving any overhead work with his left upper extremity. Because Plaintiff could not
22 perform all the requirements of light work, the ALJ took testimony from a VE, who stated

---

[2] SSR 00-40 provides in relevant part as follows: "[O]ccupational evidence provided by a [vocational expert] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between [vocational expert] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert] evidence to support a determination or decision about whether the claimant is disabled."

- 2 -

1 that Plaintiff could work as a cashier, parking attendant and courier. The ALJ instructed the
2 VE to identify any conflict between the VE's testimony and the DOT; the VE did not
3 mention any conflicts during her testimony. (AR 54-55.) In her written decision, the ALJ
4 concluded that the VE's testimony was consistent with the DOT. On appeal, the Magistrate
5 rejected this conclusion as unsupported by substantial evidence. According to the
6 Magistrate, the VE's testimony that a person who could not reach overhead with one arm
7 could work as a cashier, parking attendant or courier was potentially inconsistent with the
8 DOT's statement that each of those jobs requires "frequent reaching." The Magistrate
9 concluded that, pursuant to SSR 00-4p, the ALJ should have asked the VE to explain this
10 potential conflict and address the potential conflict in her written decision. Accordingly, the
11 Magistrate recommended that Plaintiff's appeal be remanded for further proceedings.

12 Defendant objects to the Magistrate's conclusion on the ground that the ALJ satisfied her
13 obligations under SSR 00-4p when she asked the VE to identify conflicts between her
14 testimony and the DOT. According to Defendant, the ALJ was entitled to rely on the VE's
15 failure to identify any conflicts as substantial evidence supporting the ALJ's conclusion that
16 no conflicts existed. In support of this argument, Defendant cites to *Wentz v. Commissioner*
17 *Social Sec. Admin.*, 401 Fed.Appx. 189 (9th Cir. 2010) (unpublished). In *Wentz*, the plaintiff
18 alleged that an error occurred at step five of the ALJ's analysis because the VE's testimony
19 (on which the ALJ relied) conflicted with the Dictionary of Occupational Titles ("DOT").
20 *Id.* at **2. The Court rejected the claim, stating that "the ALJ asked the VE to identify any
21 conflicts between her testimony and the DOT, and the VE identified none. Wentz's attorney
22 then cross-examined the VE, but did not challenge her representation that her testimony
23 comported with the DOT. Accordingly, the ALJ met his obligations under *Massachi* and SSR
24 00–4p to investigate potential conflicts with the DOT, and his reliance on the VE testimony
25 was therefore proper." *Id.*

26 Although *Wentz* supports Defendant's objection, it is an unpublished decision without
27 precedential value and this Court is inclined to respectfully disagree with its holding. *See*
28 9th Cir. R. 36-3(a) (unpublished decisions of the Ninth Circuit are not precedent). The Court

1   notes that *Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007), on which *Wentz* relies, does not
2   suggest that the ALJ need look no further than the VE's testimony in order to meet his/her
3   obligation under SSR 00-4p to search for conflicts between the VE and the DOT. Instead,
4   *Massachi* construes SSR 00-4p as "explicitly requiring that the ALJ determine whether the
5   expert's testimony deviates from the Dictionary of Occupational Titles and whether there is
6   a reasonable explanation for any deviation." *Id*. at 1153. *Massachi* goes on to explain:

> The procedural requirements of SSR 00-4p ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the Dictionary of Occupational Titles. In making disability determinations, the Social Security Administration relies primarily on the Dictionary of Occupational Titles for "information about the requirements of work in the national economy." The Social Security Administration also uses testimony from vocational experts to obtain occupational evidence. Although evidence provided by a vocational expert "generally should be consistent" with the Dictionary of Occupational Titles, "[n]either the [ Dictionary of Occupational Titles ] nor the [vocational expert] ... evidence automatically 'trumps' when there is a conflict." Thus, the ALJ must first determine whether a conflict exists. If it does, the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the Dictionary of Occupational Titles.

14  *Id*. (citations omitted). Thus, the ALJ has the duty to fully develop the record and is charged
15  with arbitrating conflicts between the VE and the DOT; the ALJ cannot simply rely on the
16  VE's testimony that no such conflicts exist. This requirement is consistent with the Supreme
17  Court's observation that "Social Security proceedings are inquisitorial rather than adversarial.
18  It is the ALJ's duty to investigate the facts and develop the arguments both for and against
19  granting benefits...." *Sims v. Apfel*, 530 U.S. 103, 111 (2000).
20      Defendant also objects to the Magistrate's conclusion that a conflict existed between the
21  VE's testimony and the DOT. Relying on *Nelson v. Astrue*, 2010 WL 4286316 (N.D. Cal.
22  2010), Defendant claims that nothing would intuitively suggest that the jobs of cashier,
23  parking attendant or courier could require overhead reaching. *See Nelson*, 2010 WL
24  4286316 at *3 (finding no obvious conflict between the jobs of ticket seller or order clerk and
25  an inability to reach overhead with one arm). The Court disagrees. The DOT states that the
26  jobs of cashier, parking attendant and courier each require frequent reaching. It is reasonable
27  to conclude that this reaching could encompass each and every direction. *See* Selected
28  Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles,

1  App. C; SSR 85-15 (defining reaching as extending arms and hands in *any* direction). Given
2  the ALJ's conclusion that, due to Plaintiff's left shoulder fracture he could perform only light
3  work "not involving any overhead work with his left upper extremity," the ALJ should have
4  been alerted to an apparent conflict between the VE's testimony that a person who cannot
5  reach overhead can work as a cashier, parking attendant or courier and the DOT's definition
6  of those jobs as requiring frequent reaching in any direction. Accordingly, the Court agrees
7  with the Magistrate Judge and the numerous district court cases cited in the Report and
8  Recommendation which find conflict between VE testimony that a claimant limited in
9  overhead reaching can perform particular jobs and DOT descriptions that those jobs require
10 frequent reaching. (Doc. 19, pgs. 4-5.)

11 **B.   Material defect in record**

12     In his opening brief, Plaintiff correctly noted that the transcript of the administrative
13 hearing contained a notation indicating that a portion of the ALJ's hypothetical to the VE
14 regarding whether a person with Plaintiff's limitation could perform past relevant work was
15 inaudible.   The Magistrate did not make a finding regarding whether the omission
16 constituted a material defect, but nevertheless recommended that the ALJ re-take the VE's
17 entire testimony given that the case is subject to remand on other grounds. Defendant objects
18 to the Magistrate's decision "for the reasons stated in Defendant's Opposition to Plaintiff's
19 Opening Brief." (Doc. 20, pg. 2, n.1.)  Defendant's Opposition essentially argued that the
20 missing language could be inferred from other portions of the transcript and the ALJ's
21 decision. As previously stated, the Court will remand this matter for further proceedings due
22 to the ALJ's failure to consider an apparent conflict between the VE's testimony and the
23 DOT. On remand, the ALJ will need to hear testimony from the VE in order to address this
24 error, given that SSR 00-4p requires the ALJ to ask the VE to explain the potential conflict.
25 Therefore, the Court concludes that the most expeditious resolution of the transcript defect
26 is, as the Magistrate Judge suggested, for the ALJ to re-take the VE's entire testimony.

27                                    **Conclusion**

28 Accordingly, after an independent review, IT IS ORDERED:

- 5 -

1. The Report and Recommendation (Doc. 19) is ADOPTED;
2. This matter is REMANDED to the ALJ for further development of the record. On remand, the ALJ shall re-take the testimony of the VE and shall expressly resolve any conflicts between the testimony of the VE and the DOT.

DATED this 23rd day of July, 2012.

_____
Jennifer G. Zipps
United States District Judge